```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA          :    INFORMATION

          -v.-                    :    S1 07 Cr. 1060 (RJS)

WILLIAM MOORE,                    :

               Defendant.         :

- - - - - - - - - - - - - - - - -X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: FEB 0 8 2008

COUNT ONE

The United States Attorney charges:

1. From at least in or about 2000, up to and including on or about September 20, 2007, in the Southern District of New York and elsewhere, WILLIAM MOORE, the defendant, and others known and unknown, unlawfully, intentionally, and knowingly, did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that WILLIAM MOORE, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 50 grams and more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack," in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

3. It was further a part and an object of the conspiracy that WILLIAM MOORE, the defendant, and others known

and unknown, would and did distribute and possess with intent to distribute a controlled substance, to wit, 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(B).

OVERT ACTS

4.  In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  In or about 2003, in the Bronx, New York, WILLIAM MOORE, the defendant, possessed crack.

b.  On or about June 15, 2005, in the Bronx, New York, WILLIAM MOORE, the defendant, possessed marijuana.

(Title 21, United States Code, Section 846.)

COUNT TWO

The United States Attorney further charges:

5.  From in or about 2000, up to and including on or about September 20, 2007, in the Southern District of New York and elsewhere, WILLIAM MOORE, the defendant, unlawfully, willfully, and knowingly, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely the offense charged in Count One of this Information, did use and carry firearms, and in furtherance

-2-

of such crime, did possess firearms.

(Title 18, United States Code, Section 924(c)(1)(A)(i).)

## COUNT THREE

The United States Attorney further charges:

6. On or about July 28, 2004, in the Southern District of New York and elsewhere, WILLIAM MOORE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did commit and aid and abet the commission of extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, WILLIAM MOORE, the defendant, and others known and unknown, did extort, and did aid and abet the extortion of, an individual believed to be in possession of narcotics.

(Title 18, United States Code, Section 1951 and 2.)

## COUNT FOUR

The United States Attorney further charges:

7. On or about August 30, 2007, in the Southern District of New York, WILLIAM MOORE, the defendant, unlawfully, willfully, and knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the August 30, 2007, shooting of a rival gang

member, did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged at a rival gang member in the vicinity of Wickham Avenue in the Bronx, New York.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), 924(c)(1)(C)(i) and 2.)

## COUNT FIVE

The United States Attorney further charges:

8. In or about 2005, in the Southern District of New York and elsewhere, WILLIAM MOORE, the defendant, unlawfully, willfully, and knowingly, not being a licensed importer, licensed manufacturer, or licensed dealer, did engage in the business of dealing in firearms, and in the course of such business did ship, transport, and receive firearms and ammunition in interstate and foreign commerce, to wit, MOORE, who was not a licensed importer, licensed manufacturer, or licensed dealer, sold several handguns to individuals in the Bronx, New York.

(Title 18, United States Code, Sections 922(a)(1)(A) and 2.)

## COUNT SIX

The United States Attorney further charges:

9. In or about late 2004 or early 2005, in the Southern District of New York and elsewhere, WILLIAM MOORE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree

-4-

together and with each other to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MOORE, and others known and unknown, conspired to commit an armed robbery of a suspected narcotics dealer in the Bronx, New York.

(Title 18, United States Code, Section 1951.)

### FORFEITURE ALLEGATION

10. As a result of committing the controlled substance offense alleged in Count One of this Information, WILLIAM MOORE, the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds MOORE obtained directly or indirectly as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count One of this Information.

### Substitute Asset Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited

        with, a third person;

   (c)   has been placed beyond the jurisdiction of the Court;

   (d)   has been substantially diminished in value; or

   (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)

                                              /s/ Michael J. Garcia
                                          MICHAEL J. GARCIA
                                          United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

WILLIAM MOORE,

Defendant.

### Information

S1 07 Cr. 1060 (RJS)

(18 U.S.C. § 924(c), 1951, & 2;
21 U.S.C. § 846)

MICHAEL J. GARCIA
United States Attorney.